IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DANIEL JAMES,                    )
                                 )     2:06-cv-967-GEB-DAD
               Plaintiff,        )
                                 )
     v.                          )     ORDER
                                 )
BOBBIE ROWLANDS; STEVEN TRIPP, and )
VIVIAN VAUGHT,                   )
                                 )
               Defendants.       )
                                 )
```

Plaintiff moves ex parte to shorten the time for hearing his motion filed on March 20, 2008, in which he seeks to quash Defendants' pending summary judgment motion and to re-open discovery.

> Applications to shorten time shall set forth by **affidavit . . . the circumstances claimed to justify the issuance of an order shortening time.** Ex parte applications to shorten time will not be granted except upon affidavit . . . showing a **satisfactory explanation for the need for the issuance of such an order** and for the failure . . . to obtain a stipulation for the issuance of such an order from other counsel or parties in the action.

Local Rule 6-144(e) (emphasis added).

///

1

1           Plaintiff argues circumstances exist justifying shortening
2  time because non-parties whom Plaintiff served with subpoenas have
3  failed to comply with the subpoenas and Defendants have failed to
4  comply with the magistrate judge's ruling compelling discovery.
5  Plaintiff's motion to quash and to re-open discovery is noticed for
6  hearing on April 21, 2008, the same day Plaintiff's opposition to
7  Defendants' summary judgment motion is due.
8           However, Plaintiff failed to file the affidavit required by
9  the local rule for ex parte requests to shorten time.  See id.
10 Further, Plaintiff did not serve the subpoenas on the non-parties
11 until less than one month prior to the discovery completion date set
12 in the Rule 16 Scheduling Order, even though Plaintiff was warned in
13 the Scheduling Order that "[a] party conducting discovery near the
14 discovery 'completion' date runs the risk of losing the opportunity to
15 have a judge resolve discovery motions pursuant to the Local Rules"
16 and was informed that discovery "completion means that . . . any
17 disputes relative to discovery shall have been resolved by appropriate
18 orders, if necessary, and, where discovery has been ordered, the order
19 has been complied with or, alternatively, the time allowed for such
20 compliance shall have expired."  (Rule 16 Scheduling Order at 2:1-5 &
21 n.1.)  Plaintiff has not shown this circumstance justifies the relief
22 he seeks since "courts generally require that the applicant [for ex
23 parte orders shortening time] demonstrate circumstances showing that
24 the applicant is not the cause of its own predicament."  Hanger
25 Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., 2007 WL
26 3340935, *1 (E.D. Cal. Nov. 9, 2007).
27          Further, Plaintiff has not made a showing justifying hearing
28 the portion of his motion regarding Defendants' compliance with the

2

1 | magistrate judge's ruling apart from any opposition Plaintiff may file
2 | to Defendants' summary judgment motion.  If Plaintiff believes he has
3 | an evidentiary basis for opposing Defendants' summary judgment motion,
4 | it may be raised in his opposition to Defendants' summary judgment
5 | motion.  See British Airways Bd. v. Boeing Co., 585 F.2d 946, 954 (9th
6 | Cir. 1978) ("When a party opposing summary judgment is unable to
7 | present facts 'essential to justify his opposition' to the motion,
8 | [Federal Rule of Civil Procedure] 56(f) authorizes him to file an
9 | affidavit setting forth his reasons.").

10 |         Accordingly, Plaintiff's ex parte motion to shorten time is
11 | denied.  Further, since the issues Plaintiff raises are arguably
12 | related to the summary judgment motion Defendants have filed which is
13 | scheduled for hearing on May 5, 2008, the hearing on Plaintiff's
14 | motion to quash and to re-open discovery scheduled for April 21, 2008
15 | is vacated and reset to commence at 9 a.m. on May 5, 2008.
16 |         IT IS SO ORDERED.

Dated:  March 26, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge